**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JULIE MARTIN, | ) | CASE NO. CV 06-05056 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) | |
| Defendant. | ) | |

This action challenges the denial of a November 2003 disability application. Previously, Plaintiff did receive such benefits, starting in March 1987, but her benefits ended in August 2002 when she was found to be no longer disabled. *See* Administrative Record ("AR") 16. Plaintiff's sole argument for reversal is that the Administrative Law Judge erred by "fail[ing] to properly evaluate all the relevant evidence" relating to mental impairment. Pl.'s Br. at 3-5. (The Administrative Law Judge did find that Plaintiff suffered "severe" physical ailments, namely obesity and asthma, but found no "severe" mental impairment. *See* AR 20. As noted below, however, it appears Plaintiff did not assert any mental impairments during administrative proceedings.)

The "evidence" to which Plaintiff points is two lines in a single-spaced, three-page Consultation Request report over the signature of one "Amkhong, MD," a state agency physician, *see* AR 209, who saw Plaintiff on February 4, 2004 for "[a]lleged

impairments" listed as "[b]roken left ankle, asthma and hypertension." The cited entry reads as follows, in its entirety:

> Please review Dr. Khong's evaluation of 12-12-02 for learning disorder. Note IQ's of FSIQ-71, V-68, P-79[.]

AR 207. Plaintiff argues that this supplies evidence that she meets Listing 12.05C, which creates a presumption of disability when (a) the claimant's IQ is between 60 and 70 and (b) the claimant has another physical or mental work-related impairment. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05C.

For at least two independent reasons, the Court disagrees. First, the cited report is not in the record. Although she is represented by counsel and has had years to locate and submit any such report by Dr. Khong, either to this Court or to the Defendant agency in an appropriate motion, no such IQ report has been added to the record. Second, even if the Khong IQ report exists as stated, the impact of a December 12, 2002 IQ report would be minimal here, because (a) Plaintiff filed her current claim nearly a year after the putative date of the report; (b) Plaintiff was found to be no longer disabled in August 2002; and (c) the reported IQ scores are borderline. In addition, the Court notes that Plaintiff's application is premised only on asthma, a broken left ankle and hypertension, not on the mental impairment she asserts here. *See* AR 54 (application). Plaintiff cannot validly contend that substantial evidence does not support the underlying non-disability finding, and the Court concludes that no legal error occurred as she asserts.

For the foregoing reasons, the underlying decision is affirmed.

DATED: September 21, 2007

*[signature]*

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE